CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 8 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JANET MARIE THOMPSON, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. ) | Civil Action No. 7:05-CV-00536<br><br>**MEMORANDUM OPINION**<br><br>By: Glen E. Conrad<br>United States District Judge |

Janet Marie Thompson, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The motion is presently before the court on the respondent's motion to dismiss. For the following reasons, the court concludes that Thompson knowingly and voluntarily waived her right to collaterally attack her conviction and sentence. Therefore, the court will grant the respondent's motion.

## BACKGROUND

On October 8, 2003, Thompson and eleven other defendants were charged in a five-count indictment returned by a grand jury in the Western District of Virginia. Count One charged the defendants with conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846. Count Two charged Thompson with engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A). Count Three charged Thompson with possessing a firearm in relation to or in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Counts Four and Five pertained to two other named defendants.

On May 4, 2004, Thompson pled guilty to Counts Two and Three pursuant to a written plea agreement. In this agreement, the United States agreed to recommend a three-level reduction for acceptance of responsibility, and to possibly file a motion for substantial assistance at sentencing. In exchange, Thompson agreed to waive "any right [she] may have to collaterally

attack any sentence imposed in any future proceeding, including but not limited to [her] rights, if any under 28 U.S.C. § 2255." As part of the plea agreement, Thompson also agreed that her attorney had "informed [her] of the nature of the charges and the elements which must proved by the Government beyond a reasonable doubt before [she] could be found guilty as charged."

During the plea hearing, United States Magistrate Judge B. Waugh Crigler conducted a thorough Rule 11 colloquy. See Fed. R. Crim. P. 11. Thompson stated under oath that she had discussed the charges with her attorney, that she understood the charges and the nature of the punishment that she potentially faced, that she had spoken with her attorney about how the Federal Sentencing Guidelines might apply in her case, that she knew she had the right to plead not guilty, and that she was giving up her right to a trial. (Tr. at 4-7). Thompson also stated that she understood all of the terms of her plea agreement, including the fact that she was waiving the "right to appeal as well as [her] right to file any post-conviction cases challenging [her] conviction." (Tr. at 8, 12). Additionally, Thompson stated that she was satisfied with her attorney's representation, and that no one had forced her to plead guilty. (Tr. at 5, 10, 22). Despite all of the magistrate judge's questions, Thompson stated that she still wanted to plead guilty to Counts Two and Three. (Tr. at 10). The magistrate judge then read the following statement from the guilty plea form:

> In the presence of A. Gene Hart, Jr., my counsel who has fully explained the charges contained in the indictment against me, and having received a copy of the indictment from the United States Attorney before being called on to plead, I hereby plead guilty to said indictment as to Counts Two and Three. I have been advised of the maximum punishment which may be imposed by the court for this offense. My plea of guilty is [made] knowingly and voluntarily and without any threat of any kind, and without promises other than those disclosed in open court, which are those contained in the agreement.

(Tr. at 11). Thompson advised the magistrate judge that she understood the statement, and she

2

subsequently signed the form.

On May 5, 2004, the magistrate judge issued a report in which he recommended that the court accept Thompson's guilty plea. The magistrate judge determined that Thompson was fully competent and capable of entering an informed plea, that Thompson was aware of the nature of the charges and the consequences of her plea, and that Thompson's plea was knowing and voluntary. Neither party filed any objections to the magistrate judge's report, and it was adopted on May 20, 2004. On August 23, 2004, Thompson was sentenced to a total term of imprisonment of 264 months.

Thompson filed the instant § 2255 motion on August 24, 2005. Thompson alleges that her attorney was ineffective for failing to inform her of the elements of the crimes with which she was charged. Thompson also suggests that because she was unaware of these elements, her guilty plea was unknowing and involuntary.

The respondent filed a motion to dismiss on February 1, 2006. On February 9, 2006, Thompson was sent a <u>Roseboro</u> notice, in which she was directed to file any response to the respondent's motion within twenty days. As of this date, Thompson has not filed a response. Since the twenty-day period has now expired, the respondent's motion to dismiss is ripe for review.

### DISCUSSION

The respondent argues that Thompson's motion must be dismissed because she waived the right to collaterally attack her conviction or sentence. The United States Court of Appeals for the Fourth Circuit has held that a waiver of the right to collaterally attack a conviction or sentence is valid as long as the waiver is knowingly and voluntarily made. <u>U.S. v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005). Thus, if Thompson's waiver was knowing and voluntary, she

3

cannot challenge her conviction or sentence in a § 2255 motion. Id.

Having reviewed the record, the court concludes that Thompson's guilty plea and waiver of collateral-attack rights were knowing and voluntary. Although Thompson now alleges that her guilty plea is invalid because her attorney failed to inform her of the elements of the crimes with which she was charged, this allegation directly contradicts the statements that Thompson made during the plea hearing. Id. at 222. As previously stated, Thompson affirmed that she understood the charges against her, that she had an opportunity to discuss the charges with her attorney, that her attorney fully explained the charges, that she was satisfied with her attorney's representation, and that she understood all of the terms of her plea agreement, including the waiver of collateral-attack rights. "[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)). Since Thompson points to no extraordinary circumstances that would refute her acknowledgment on the record that she understood the charges against her and all of the terms of her plea agreement, including the fact that she was waiving the right to collaterally attack her conviction or sentence, the court concludes that Thompson's guilty plea and waiver of collateral-attack rights were knowing and voluntary.

## CONCLUSION

For the reasons stated, the court concludes that the transcript of Thompson's plea hearing

4

conclusively establishes that she knowingly and voluntarily waived the right to collaterally attack her conviction or sentence. Accordingly, the court will grant the respondent's motion to dismiss.

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 7th day of March, 2006.

/s/ Glen E. Conrad
United States District Judge